UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WILLIAM L. STEWART, JR., | No. C 13-1794 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF Nos. 1, 12, 13, 16 ] |
| DR. BRIGHT; et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

William L. Stewart, Jr., an inmate currently incarcerated at the R. J. Donovan Correctional Facility in San Diego, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining about conditions of confinement at Salinas Valley State Prison, where he previously was incarcerated. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Stewart leave to file an amended complaint. This order also addresses miscellaneous filings from Stewart.

## STATEMENT

Stewart alleges in his complaint that he is a 68-year old African-American man who is currently in a wheelchair, has a below-knee amputation of the right leg, and suffers from congestive heart failure, numbness in his right leg and left toe, and "serious pain" in his left leg. ECF No. 1 at 3. He

indicates that he has been classified as disabled under the Americans With Disabilities Act and the *Armstrong* Remedial Plan.[1]

Stewart further alleges that he was interviewed and evaluated by Dr. Bright on August 27, 2010 and October 1, 2010, and that Dr. Bright denied his request for a transfer to the California Medical Facility ("CMF") in Vacaville. Dr. Bright allegedly assigned nurse Fox to assist Stewart in "locating a prosthetic leg," but nurse Fox "failed to do anything to help." *Id.* Stewart also alleges that Dr. Bright denied his request "to be assisted with showers and feeding" to accommodate his disabilities. Dr. Sepulveda allegedly reviewed the files and agreed with the decisions of Dr. Bright and nurse Fox.

Stewart contends that sergeant Brown engaged in deliberate indifference, but states no facts in support of the contention. He also contends that there has been discrimination, but states no facts in support of the contention.

## ANALYSIS

### I. REVIEW OF COMPLAINT

#### A. Legal Standard

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

---

[1] *Armstrong v. Brown*, N. D. Cal. No. C 94-2307 CW ("*Armstrong*"), is a class action concerning disability accommodations for prisoners and parolees in the California Department of Corrections and Rehabilitation ("CDCR"). The *Armstrong* court-ordered Remedial Plan as amended January 3, 2001 ("*Armstrong* Remedial Plan") requires the CDCR "to ensure that prisoners and parolees with disabilities are accessibly housed, that they are able to obtain and keep necessary assistive devices, and that they receive effective communication regarding accommodations." *Armstrong v. Brown*, No. 94-2307 CW, ECF No. 1974 (order filed January 13, 2012).

C 13-1794 LB
ORDER                             2

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**B. The Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

*1. Medical Care*

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted).  For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

Even with liberal construction, the complaint does not state a claim against any defendant for deliberate indifference to serious medical needs.   The claim is dismissed with leave to amend.

The complaint alleges that Stewart's request for a transfer to CMF-Vacaville was denied, but does not allege facts suggestive of an Eighth Amendment violation. Stewart does not allege that a transfer was medically necessary. Stewart has not alleged, for example, that there was treatment available at CMF-Vacaville that was not available at Salinas Valley, or that there was another medical reason that supported the request for a transfer. He also has not alleged that any official knew of and disregarded a risk to his health in denying the transfer.

The complaint also alleges that nurse Fox did nothing to help him locate a prosthetic leg, but does not allege facts suggestive of an Eighth Amendment violation. He does not allege that the prosthetic leg was a medical necessity for this prisoner who was in a wheelchair. The complaint also does not allege that nurse Fox knew of and disregarded a risk to Stewart's health in failing to aid him in finding a prosthetic leg.

The complaint does not allege any particular conduct by any other defendant that suggests deliberate indifference. If he wishes to pursue a claim against any defendant for deliberate indifference to his serious medical needs, Stewart must allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

### 2. *Equal Protection*

Stewart contends that discrimination has occurred, but provides no factual allegations in support of his contention. Leave to amend will be granted so that he may attempt to allege a claim for a violation of his right to equal protection if he wishes to do so. "To state a § 1983 claim for violation

1  of the Equal Protection Clause "'a plaintiff must show that the defendants acted with an intent or
2  purpose to discriminate against the plaintiff based upon membership in a protected class.'"
3  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).   As with his medical care
4  claims, Stewart should identify each involved defendant by name and link each of them to his claim
5  by explaining what each involved defendant did or failed to do that caused a violation of his rights.

### 3.   ADA and RA

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).[2]  A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Stewart has not named a proper defendant for a claim under Title II of the ADA and § 504 of the

---

[2]Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference by the entity requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. *Id.* at 1139.

RA. The proper defendant is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases). *But cf. Eason v. Clark County School Dist.*, 303 F.3d 1137, 1145-45 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Here, the proper defendant for an ADA and RA claim would be the CDCR or the prison as the entity that allegedly denied Stewart his rights under the ADA and RA. In his amended complaint, he must name a proper defendant, such as the CDCR or Salinas Valley State Prison or the chief medical officer of that prison "in his official capacity." *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (suit against a person in his official capacity is considered to be a suit against the entity of which the officer is an agent).

Stewart alleges that prison officials denied his request for assistance with showers and feeding that he allegedly was entitled to as accommodations for his disabilities. Liberally construed, those allegations are sufficient to allege an ADA violation if Stewart names a proper defendant. If Stewart contends there were additional ADA violations at Salinas Valley, he should specify them in his amended complaint.

## II. PLAINTIFF'S MISCELLANEOUS FILINGS

Stewart filed a "notice of motion and motion for a status report." ECF No. 13. The motion generally does not make sense but does include information about Stewart's displeasure with his medical status at the Richard J. Donovan Correctional Facility in San Diego. If Stewart wants to complain about the conditions of confinement at that prison, he may file a new civil rights complaint in the U.S. District Court for the Southern District of California. Problems with his medical care in the prison in San Diego are beyond the scope of this action. Insofar as Stewart requests a "status report," his motion is **GRANTED**. ECF No. 13. The status of this action is that, after receiving Stewart's consent to proceed before a magistrate judge, the court has done an initial review of the complaint and now issues this order instructing Stewart to file an amended complaint to cure the deficiencies identified in this order.

Stewart also filed two copies of a document entitled "1819 constructive notice to address and expedite reply to my issues to amend all records for correspondence." ECF Nos. 12 and 16. The majority of the document does not make any sense. Stewart is cautioned to bear in mind that the court does not grant requests it does not understand. The only statement in the document that makes any sense is his statement that he did not receive a document because his name was misspelled or misprinted. The plaintiff's name on the caption of this action – originally listed in the docket as Stewart L. Williams, Jr. because that was the name he wrote on the first page of his complaint – has been corrected and now is listed as William Stewart, Jr., which is the name he has used on his more recent filings and the name used on his prison documents.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **June 28, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Stewart is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: May 29, 2013

_____
LAUREL BEELER
United States Magistrate Judge